IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTONIO**
**HIPOLITO-BRISENO,**

                **Petitioner,**

        v.                        CASE NO.  08-3196-SAC

**UNITED STATES DEPT.OF**
**HOMELAND SECURITY,**
**Immigration and Customs Enforcement, et al.,**

                **Respondents.**

### O R D E R

This action was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by counsel on behalf of petitioner, who is confined in the Chase County Jail, Cottonwood Falls, Kansas. The filing fee has been paid. The named respondents are United States Department of Homeland Security, Immigration and Customs Enforcement and Stephen Six, Attorney General of the State of Kansas.

As background for this action, petitioner alleges he was ordered "removed and to be deported from the U.S. by respondent" on July 23, 2008. He further alleges that he was convicted of Aggravated Battery in the District Court of Sedgwick County, Kansas, and that this conviction is the basis for respondent's "Final Administrative Order" of removal. Petitioner claims the conviction "is improper" and because it is improper he should not be ordered removed on this basis[1]. In support of his claim that the state

---

[1]  The court notes that "[a] petitioner cannot collaterally attack the legitimacy of his state criminal convictions in the deportation proceedings." Vargas v. Department of Homeland Security, 451 F.3d 1105, (10th Cir. 2006), *citing* Trench v. INS, 783 F.2d 181, 183, 184 (10th Cir. 1986)("Immigration authorities must look solely to the judicial record of final conviction and may not make their own independent assessment of the validity of (petitioner's) guilty plea."), cert. denied, 479 U.S. 961 (1986); Serva-Lozano v. Gonzales, 215 Fed.Appx. 704, 705 (10th Cir. 2007).  The Tenth Circuit Court of Appeals reasoned in Trench that:
    Allowing a collateral attack on a criminal conviction in

conviction was improper, petitioner alleges that he entered a plea in the case without being fully informed of his rights, and did not know he would be deported if he entered the plea. He states that he would not have entered the plea, had he been so informed. The only relief sought is for the court to "vacate respondent's final administrative order."

**FAILURE TO SHOW EXHAUSTION OF STATE COURT REMEDIES**

Petitioner is apparently in the custody of the Department of Homeland Security pursuant to an order of removal and detained in a Kansas jail pending deportation. He reveals no facts regarding his state conviction, such as the date it was entered, the sentence imposed, whether or not the sentence has been served or overturned, and whether or not he directly appealed or sought post-conviction relief in the state courts. If petitioner actually seeks review by this court of the constitutional validity of his guilty plea and conviction in state court, he may not proceed in federal court until he has fully exhausted all remedies available in the courts of the

---

administrative proceedings concerned with deportation could not, as a practical matter, assure a forum reasonably adapted to ascertaining the truth of the claims raised. It could only improvidently complicate the administrative process. Once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding.

Id. There is no indication that petitioner's state conviction has been vacated, deferred or altered by appropriate process.

2

state.  28 U.S.C. § 2254(b)(1) plainly provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Id.  Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).

Petitioner does not allege that he has exhausted any state court remedies on his claim that his plea and conviction in Sedgwick County District Court were unconstitutional.  He responded to only one question on the form petition regarding exhaustion of state remedies with "N/A," and not at all to others.  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). More specifically, petitioner must seek post-conviction relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review by the Kansas Supreme Court.

The court finds that petitioner has made no showing of

3

exhaustion of state court remedies, and this action should be dismissed, without prejudice, as a result.  He will be given time to supplement his petition with proof that he has satisfied the exhaustion prerequisite for review under 28 U.S.C. § 2254.  If petitioner does not present such proof or otherwise show cause why this action should not be dismissed for failure to exhaust within the time provided, this action may be dismissed without prejudice with no further notice.

**SEEKING TO VACATE FINAL ORDER OF REMOVAL**

The court further finds that while it might have jurisdiction to review and even overturn petitioner's state court conviction once he has exhausted, it does not have jurisdiction to vacate the final order of removal against petitioner.  A habeas corpus petition filed under either 28 U.S.C. § 2241 or § 2254 in federal district court is not the appropriate procedure for seeking judicial review of a final order of removal.  8 U.S.C. § 1252, which governs judicial review of final orders of removal, pertinently provides in subsection (a)(5):

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.  For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

4

Id. In 2005, Congress amended § 1252 of the Immigration and Naturalization Act to expressly divest federal district courts of jurisdiction over habeas petitions that seek review of INS removal orders. See 8 U.S.C. § 1252(a)(5). Specifically, district courts have no jurisdiction, habeas or otherwise, over "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered" in 8 U.S.C. § 1227(a)(2)(A)(iii)(Aggravated felony). 8 U.S.C. § 1252(a)(2)(C). The exclusive means of judicial review of a final removal order is by petition for review to the appropriate court of appeals. 8 U.S.C. § 1252(D); see Tostado v. Carlson, 481 F.3d 1012 (8th Cir. 2007). Requirements for filing a "petition for review" of an order of removal, such as deadlines and venue, are set forth in 8 U.S.C. 1252(b). Accordingly, this Court concludes it lacks jurisdiction to grant the requested relief of vacating petitioner's final order of removal. If petitioner in actuality seeks only a court order vacating his order of removal, he must follow the applicable statutory procedures.

**IT IS THEREFORE ORDERED** that petitioner shall be given thirty (30) days in which to show cause why this action filed under 28 U.S.C. § 2254 should not be dismissed for failure to show exhaustion of state court remedies.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge